CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 07 2008
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MELVA TAYLOR DAVIS,<br><br>*Plaintiff,*<br><br>v.<br><br>THE COUNTY OF AMHERST, VIRGINIA, ET AL,<br><br>*Defendants.* | CIVIL NO. 6:07cv00017<br><br><br>MEMORANDUM OPINION and ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motions to Dismiss filed October 23, 2007 (docket entry no. 12) and October 24, 2007 (docket entry no. 13). Defendants' Motions to Dismiss are GRANTED in part and DENIED in part as follows.

With the agreement of Plaintiff, Defendants Bryan David, Gary Roakes and the County of Amherst, Virginia are hereby DISMISSED. Count VI of Plaintiff's Amended Complaint, alleging a state law claim for intentional infliction of emotional distress is also DISMISSED with the agreement of Plaintiff.

Defendants' Motions to Dismiss are DENIED as to Counts IV and VII. Plaintiff has pled sufficient facts to state a claim for Excessive Force and for Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983.

Count V alleging supervisory liability for excessive use of force pursuant to 42 U.S.C. § 1983 is hereby DISMISSED without prejudice. Plaintiff has (10) days from the date of this Order to amend her Complaint to state a claim for supervisory liability.

As to remaining counts, Count I alleges assault and wrongful death, Count II alleges

battery and wrongful death, and Count III alleges gross negligence and wrongful death. Defendants argue that under Virginia law it is impermissible for Plaintiff to plead wrongful death along with common law assault, battery and gross negligence. Defendants' argument flows from the language of Va. Code § 8.01-25, which allows for the survival of a decedent's causes of action. Section 8.01-25 requires that "if the cause of action asserted by the decedent in his lifetime was for a personal injury and such decedent dies *as a result of the injury complained of* with a timely action for damages arising from such injury pending, the action shall be amended in accordance with the provisions of § 8.01-56." Va. Code § 8.01-25. Va. Code § 8.01-56 in turn states "*If death resulted from the injury* for which the action was originally brought, a motion for judgment and other pleadings shall be amended so as to conform to an action under § 8.01-50." Section 8.01-50 is the Virginia wrongful death statute.

Thus, a claim brought by a tort victim who then dies as a result of his injuries must be converted to a wrongful death action. The Fourth Circuit, interpreting Virginia law, concluded that it would be anomalous to allow a personal representative to file a tort claim under § 8.01-25 and a wrongful death claim under § 8.01-50 simply because the decedent died before the suit was filed. *See El-Meswari v. Wash. Gas Light Co.*, 785 F.2d 483, 491 (4th Cir. 1986) (agreeing with the proposition that "the wrongful death statute [is] the exclusive statement of the grievances that Virginia will recognize when a tort victim dies of her injuries").

To the extent that Plaintiff's wrongful death claim is based on the instances of assault, battery, and gross negligence alleged in the Amended Complaint, wrongful death is the only appropriate cause of action. However, Plaintiff has alleged a number of tortious acts by the Sheriff's deputies which may not have led directly to Sanchez Taylor's death including using mace on Taylor, striking Taylor with a baton, and throwing him face down on a white ornamental

rack. It would be inappropriate to dismiss Plaintiff's common law tort claims at this stage of the litigation because discovery will be necessary to determine the relation, if any, between the alleged tortious conduct and the specific causes of Taylor's death. My interpretation of Plaintiff's claims is in accord with the reasoning of Judge Conrad in *Estate of Harvey v. Roanoke City Sheriff's Office*, No. 7:06cv00603, 2007 WL 602091, at *6 (W.D. Va. Feb. 23, 2007), who held in a similar case that "at this stage of the litigation, where the plaintiff alleges both fatal and non-fatal injuries as a result of the defendants' actions, the court will allow all of the plaintiff's state law claims to go forward."

Therefore, Defendants' Motions to Dismiss are DENIED as to Counts I, II, and III. Plaintiff has pled facts sufficient to state claims for assault, battery, gross negligence, and wrongful death under Virginia law.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/ Norman K. Moon
United States District Judge

January 7, 2008
Date