

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| MELVA TAYLOR DAVIS,<br><br>*Plaintiff,*<br><br>v.<br><br>COUNTY OF AMHERST, ET AL.,<br><br>*Defendants.* | CIVIL NO. 6:07cv00017<br><br><br><br>MEMORANDUM OPINION and ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion for Reconsideration, filed on January 21, 2008 (docket entry no. 29). Defendants ask the Court to reconsider its decision denying Defendants' motion to dismiss the Amherst County Sheriff's Department ("Sheriff's Department") and Sheriff A.J. Ayers, III ("Sheriff Ayers"). In support of their motion, Defendants argue that the Sheriff's Department and Sheriff Ayers are not "persons" under 42 U.S.C. § 1983, and that Sheriff Ayers did not participate in the alleged conspiracy to violate Mr. Taylor's civil rights. For the following reasons, Defendants' motion is hereby GRANTED.

## I. STANDARD OF REVIEW

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) is committed to the discretion of the Court. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402 (4th Cir. 1998). Rule 59(e) is available "to correct a clear error of law or prevent manifest injustice," but, a party may not "raise arguments which could have been raised prior to the issuance of the [order], nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 402–03.

## II. DISCUSSION

In my January 7, 2008 Memorandum Opinion and Order, I dismissed Count V of Plaintiff's Amended Complaint alleging supervisory liability under 42 U.S.C. § 1983 against Sheriff Ayers and the Amherst County Sheriff's Department. Plaintiff was given ten days from the date of the Order to further amend her Complaint to state a claim for supervisory liability, but failed to do so. The only remaining claim against Sheriff Ayers and the Sheriff's Department is Count VII alleging conspiracy to violate civil rights pursuant to 42 U.S.C. § 1983. Defendants argue that they are not "persons" for purposes of 42 U.S.C. § 1983 and therefore must be dismissed from the action. Additionally, Sheriff Ayers argues that he did not participate in a § 1983 conspiracy in an individual capacity.

### A. Definition of "Person" under § 1983

42 U.S.C. § 1983 provides a cause of action to those whose rights, privileges, or immunities under the Constitution and laws of the United States have been violated by a "person" under color of state law. The Supreme Court, reading § 1983 in conjunction with the 11th Amendment, has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Under Virginia law, a sheriff is an official of the State whose position is created by the State Constitution. Va. Const. Art. VII, § 7; Va. Code Ann. § 15.1–40.1. A local sheriff's department is also considered a part of the State for 11th Amendment purposes. *Blankenship v. Warren County, Va.*, 918 F. Supp. 970, 974 (W.D. Va. 1996). Therefore, Sheriff Ayers and the Amherst County Sheriff's Department are not "persons" under §1983. *Harris v. Hayter*, 970 F. Supp. 500, 502 (W.D. Va. 1997); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 891–92 (E.D. Va. 1992).

Plaintiff argues, however, that: (1) Plaintiff is at least entitled to declaratory and injunctive relief if not monetary damages, and (2) Sheriff Ayers remain liable for participation in a § 1983 conspiracy in an individual capacity.

*B. Injunctive and Declaratory Relief*

In raising the first argument, Plaintiff concedes that monetary damages are unavailable against Sheriff Ayers and the Sheriff's Department. Plaintiff argues, however, that for purposes of declaratory and injunctive relief, Sheriff Ayers and the Sheriff's Department are "persons" under § 1983. Plaintiff is correct that state officials are "persons" for purposes of § 1983 if the relief sought is prospective injunctive relief or declaratory relief. *Will*, 491 U.S. at 71 n.10. However, Plaintiff lacks standing to pursue injunctive and declaratory relief against Sheriff Ayers or the Sheriff's Department.

The Supreme Court has stated that "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing "inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Id.* The constitutional aspects of standing "import[] justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Id.* (citations omitted). Consequently, "at an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian Coll. v. Am.'s United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted). Plaintiff lacks standing because she cannot meet the final element of

the standing inquiry: redressability.

In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), the Supreme Court held that a plaintiff who was subjected to a chokehold by the police lacked standing to pursue an injunction against further use of the chokehold. The Court stated that:

> [i]n order to establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner.

*Id.* at 105–106. The holding in *Lyons* "derives from the third prong of the standing inquiry, conditioning justiciability on whether the plaintiff's injury is likely to be redressed by the requested relief. It is based on the obvious proposition that a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past." *Am. Postal Workers Union v. Frank*, 968 F.2d 1373, 1376 (1st Cir. 1992). Therefore, under § 1983 a party has standing to seek injunctive or declaratory relief "only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury" to the party. *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

The difficulty faced by Plaintiff is that because Taylor is deceased, there is no possibility that he will have another encounter with the Sheriff's Department. Plaintiff's harm will not be redressed by injunctive or declaratory relief, and Plaintiff therefore lacks standing. *See Dowdell v. Chapman*, 930 F. Supp. 533, 553 (M.D. Ala. 1996) (holding that the estate of a deceased individual can never have standing for injunctive or declaratory relief in a § 1983 action because the deceased "faces no threat of future harm from any defendant"). As a result, the Sherriff's Department must be dismissed.

### C. Individual Capacity

- 4 -

Plaintiff's final argument is that Sheriff Ayers is still a party to the action in his individual capacity through participation in a § 1983 civil conspiracy. A state official sued in his individual capacity is not protected by the 11th Amendment and is therefore a "person" under § 1983. *Hafer v. Melo*, 502 U.S. 21, 31 (1991). However, Plaintiff has failed to allege the facts necessary to state a claim against Sheriff Ayers.

In order to state a claim for civil conspiracy under § 1983 a party must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996). Plaintiff must therefore allege three elements to state a claim for a § 1983 conspiracy: (1) agreement between at least two parties, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional right that was violated as a proximate result of the conspiracy. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2nd Cir. 1999). Plaintiff has failed to plead sufficient facts on all three elements.

The Amended Complaint simply states "All defendants took some overt act in furtherance of the conspiracy. Namely each defendant actually participated in the use of excessive force . . . or acquiesced in the actions taken and attempted to cover up the actions taken." (Pl's Am. Comp. ¶ 77). Sheriff Ayers was not present at the site of the arrest, and was not directly involved in the conduct of the arrest. Therefore, the only possible way in which he could have participated in a conspiracy was by means of a cover-up. However, the only reference to a cover-up in the complaint is the single sentence quoted above. Plaintiff has failed to allege in what manner Sheriff Ayers attempted to cover up the events of the arrest, which of Taylor's constitutional rights were violated, or who Sheriff Taylor conspired with. The Amended Complaint simply contains a bald legal conclusion that Sheriff Ayers attempted a

- 5 -

Case 6:07-cv-00017-NKM-mfu   Document 33   Filed 03/03/08   Page 5 of 7   Pageid#: 225

cover-up with nothing further. Plaintiff must, at the least, allege some facts indicative of a cover-up. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

Plaintiff's allegations of a civil conspiracy fail because "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (citations omitted). Indeed, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993). Moreover, "diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977). Plaintiff has not identified any specific conduct that could form the basis for any of the elements of a § 1983 conspiracy. Plaintiff's claim must therefore be dismissed.

### III. CONCLUSION

Plaintiff has failed to state a claim against Sheriff Ayers or the Amherst County Sheriff's Department. Furthermore, Plaintiff lacks standing to seek declaratory or injunctive relief against the Amherst County Sheriff's Department or Sheriff Ayers. Defendant's motion is therefore GRANTED. The Amherst County Sheriff's Department and Sheriff Ayers in his official capacity are hereby DISMISSED from this action with prejudice. Sheriff Ayers acting in an individual capacity is DISMISSED from the action without prejudice. Plaintiff will have leave to amend her Complaint within fourteen (14) days to state a claim against Sheriff Ayers in an

individual capacity.[1]

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: This 3rd day of ~~February~~ March, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] My January 7, 2008 Memorandum Opinion and Order did not specifically address the issue of whether Plaintiff had stated a claim against Sheriff Ayers in his individual capacity. Had it done so, Plaintiff would have been able to amend her Complaint as of right.

- 7 -